IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBVIE INC.,                                        )
                                                    )
                        Plaintiff,                  )
                                                    )
        v.                                          )        C.A. No. _____
                                                    )
PRINSTON PHARMACEUTICAL INC.,                       )
ZHEJIANG HUAHAI PHARMACEUTICAL                      )
CO., LTD., and SOLCO HEALTHCARE US,                 )
LLC,                                                )
                                                    )
                        Defendants.                 )

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff AbbVie Inc. ("AbbVie" or "Plaintiff"), by its attorneys, brings this action against

Defendants Prinston Pharmaceutical Inc. ("Prinston Pharmaceutical"), Zhejiang Huahai

Pharmaceutical Co., Ltd. ("Zhejiang Huahai"), and Solco Healthcare US, LLC ("Solco")

(collectively, "Prinston"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement of U.S. Patent No. 11,542,239 ("the

'239 patent") arising under the United States Patent Laws, Title 35, United States Code, § 1, *et.*

*seq.*, and in particular under 35 U.S.C. § 271.  This action relates to Prinston's recent submission

to the United States Food and Drug Administration ("FDA") of an Abbreviated New Drug

Application ("ANDA") seeking approval to market generic versions of Plaintiff's commercial

pharmaceutical product ORILISSA® (elagolix sodium oral tablets, (eq. 150 mg base and eq. 200

mg base), submitted under New Drug Application ("NDA") No. 210450), prior to the expiration

of patents listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an

FDA publication commonly known as the "Orange Book") for ORILISSA®.  Prinston has

submitted ANDA No. 217296 ("Prinston's ANDA"), which seeks approval to market its generic version of ORILISSA®, elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base) ("Prinston's Generic Product"), prior to the expiration of the '239 patent.

2.      Prinston has infringed one or more claims of the '239 patent under 35 U.S.C. § 271(e)(2)(A) by virtue of its filing of ANDA No. 217296 seeking FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of Prinston's Generic Product prior to the expiration of the '239 patent, or any extensions thereof.  Prinston will infringe one or more claims of the '239 patent under 35 U.S.C. § 271(a), (b), or (c) should it engage in the commercial manufacture, use, offer for sale, sale, distribution in, or importation into the United States of Prinston's Generic Product prior to the expiration of the '239 patent, or any extensions thereof.

3.      Plaintiff AbbVie Inc., along with AbbVie Ltd. and Neurocrine Biosciences, Inc., previously filed a separate action in this Court against Prinston for patent infringement relating to ANDA No. 217296, which included counts for infringement of U.S. Patent Nos. 7,056,927 ("the '927 patent"), 7,419,983 ("the '983 patent"), and 11,344,551 ("the '551 patent").  *AbbVie Inc., et al. v. Alkem Laboratories Limited, et al.*, C.A. No. 22-1423-RGA-JLH (the "First Suit") was filed on October 27, 2022.  The First Suit was filed in response to a letter from Prinston dated September 13, 2022 ("Prinston's First Notice Letter"), purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 217296 pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 as to the '927 patent, the '983 patent, and the '551 patent. The First Suit included counts for infringement of the '927 patent, the '983 patent, and the '551 patent.

4.      Plaintiff AbbVie Inc. previously filed another separate action in this Court against Prinston for patent infringement relating to ANDA No. 217296, which included counts for infringement of U.S. Patent Nos. 10,537,572 ("the '572 patent") and 10,682,351 ("the '351 patent"). *AbbVie Inc. v. Prinston Pharmaceutical Inc., et al.*, C.A. No. 23-470-RGA (the "Second Suit") was filed on April 28, 2023. The Second Suit was filed in response to a letter from Prinston dated March 14, 2023 ("Prinston's Second Notice Letter"), purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 217296 pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 as to the '572 patent and the '351 patent. The Second Suit included counts for infringement of the '572 patent and the '351 patent.

5.      Based on information and belief, Prinston is maintaining its certification as to the '927 patent, the '983 patent, the '551 patent, the '572 patent, and the '351 patent set out in Prinston's First Notice Letter and Second Notice Letter. Thus, Plaintiffs will continue to prosecute all infringement counts presented in the First Suit and the Second Suit.

## ORILISSA®

6.      ORILISSA® is a gonadotropin-releasing hormone (GnRH) receptor antagonist indicated for the management of moderate to severe pain associated with endometriosis. Over 80,000 women have been prescribed ORILISSA®.

7.      Endometriosis occurs when tissue that normally lines the inside of the uterus grows outside of the uterus (where it does not belong). These growths are referred to as lesions. During the menstrual cycle, estrogen levels rise and can cause endometriosis lesions to grow. Then, during a period, the lesions can break down and shred, causing pain throughout the month.

8.      One way to manage common symptoms of endometriosis is to reduce the amount of estrogen the body produces. ORILISSA® inhibits endogenous GnRH signaling by binding

competitive to GnRH receptors in the pituitary gland.  ORILISSA® dials down estrogen, which can help manage endometriosis pain.

9.      ORILISSA® was approved by the FDA on July 23, 2019, pursuant to NDA No. 210450.  There are 2 different FDA approved dosage forms of ORILISSA®: 150 mg (administered orally once a day for management of moderate to severe pain associated with endometriosis) or 200 mg (administered orally twice a day for management of moderate to severe pain associated with endometriosis).

10.      ORILISSA® is marketed and sold in the United States by AbbVie.

11.      The '239 patent is listed in the Orange Book for ORILISSA®.

## THE PARTIES

12.      Plaintiff AbbVie is a corporation organized and existing under the laws of Delaware, with its corporate headquarters at 1 North Waukegan Road, North Chicago, Illinois 60064.  AbbVie is the assignee and owner of the '239 patent.  AbbVie holds NDA No. 210450 for ORILISSA®.  AbbVie is a global research and development-based biopharmaceutical company committed to developing innovative therapies for some of the world's most complex and critical conditions.  The company's mission is to use its expertise, dedicated people, and unique approach to innovation to markedly improve treatments across therapeutic areas, including women's health.

13.      AbbVie markets, distributes, and sells therapeutic drug products, including ORILISSA®, in this judicial district and throughout the United States.

14.      On information and belief, Prinston Pharmaceutical is a company organized and existing under the laws of Delaware, with a principal place of business at 700 Atrium Dr., Somerset, New Jersey 08873.

15. On information and belief, Zhejiang Huahai is a corporation organized and existing under the laws of the People's Republic of China, with a principal place of business at Xunqiao, Linhai, Zhejiang 317024, China.

16. On information and belief, Prinston Pharmaceutical is a wholly-owned subsidiary of Zhejiang Huahai.

17. On information and belief, Solco Healthcare is a company organized and existing under the laws of Delaware, with its principal place of business at 700 Atrium Dr., Suite A, Somerset, New Jersey 08873.

18. On information and belief, Solco Healthcare is a wholly-owned subsidiary of Prinston Pharmaceutical.

19. On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco Healthcare is in the business of, *inter alia*, manufacturing, marketing, and selling generic copies of branded pharmaceutical products throughout the United States, including in the State of Delaware, either individually or in concert.

20. On information and belief, the acts of Prinston Pharmaceutical complained of herein were done with the cooperation, participation, and assistance of Zhejiang Huahai and Solco Healthcare.

21. On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco Healthcare caused Prinston's ANDA to be submitted to FDA and seek FDA approval of Prinston's ANDA.

22. On information and belief, and consistent with their practice with respect to other generic products, following FDA approval of Prinston's ANDA, Prinston Pharmaceutical, Zhejiang Huahai, and Solco Healthcare will act in concert to distribute and sell the proposed

5

generic elagolix sodium oral tablet (eq. 150 mg base and eq. 200 mg base) products described in Prinston's ANDA throughout the United States, including the State of Delaware.

## **JURISDICTION AND VENUE**

23.     This Court has personal jurisdiction over Defendants Prinston Pharmaceutical, Zhejiang Huahai, and Solco because, on information and belief, each of Prinston Pharmaceutical, Zhejiang Huahai, and Solco, *inter alia*, has continuous and systematic contacts with the State of Delaware, regularly conducts business in the State of Delaware, either directly or through one or more of its affiliates, agents, and/or alter egos, has purposefully availed itself of the privilege of doing business in the State of Delaware, and intends to sell Prinston's Generic Product in the State of Delaware upon approval of ANDA No. 217296.

24.     This Court has personal jurisdiction over Prinston Pharmaceutical because, *inter alia*, Prinston Pharmaceutical is a corporation organized and existing under the laws of the State of Delaware.

25.     On information and belief, Prinston Pharmaceutical maintains continuous and systematic contacts with Delaware through its authorized U.S. agent, American Incorporators Ltd., located at 1013 Centre Road Suite 403-A, Wilmington, Delaware 19805.

26.     On information and belief, Prinston Pharmaceutical directly, or indirectly, develops, manufactures, markets, imports, distributes, and sells pharmaceutical products, including generic drugs throughout the United States and in this judicial district.  Prinston Pharmaceutical's website states: "With more than 75 products under development or filed with regulatory agency in the US, Prinston will continue to build on its portfolio over the coming years." (http://www.prinstonpharm.com/, accessed May 16, 2023).  On information and belief, Prinston

6

Pharmaceutical purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Prinston's generic products.

27.     This Court has personal jurisdiction over Solco because, *inter alia*, Solco is a company organized and existing under the laws of the State of Delaware.

28.     On information and belief, Solco maintains continuous and systematic contacts with Delaware through its authorized U.S. agent, American Incorporators Ltd., located at 1013 Centre Road Suite 403-A, Wilmington, Delaware 19805.

29.     On information and belief, Solco directly, or indirectly, develops, manufactures, markets, imports, distributes, and sells pharmaceutical products, including generic drugs throughout the United States and in this judicial district.  Prinston's website states: "Prinston markets its products through Solco Healthcare, wholly owned subsidiary, to retail pharmacies, wholesalers, distributors and group purchasing organizations."  *Id.*  On information and belief, Solco purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Solco's generic products.

30.     This Court has personal jurisdiction over Zhejiang Huahai. On information and belief, Zhejiang Huahai directly, or indirectly, develops, manufactures, markets, imports, distributes, and sells pharmaceutical products, including generic drugs throughout the United States and in this judicial district.  Zhejiang Huahai's website states: "Huahai Pharmaceutical is the first Chinese pharmaceutical company that passed the US FDA certification for finished pharmaceutical products, obtained the ANDA approval for product developed by itself, and materialized the large-scale sales of finished dosages in the United States." (https://en.huahaipharm.com/qyjj/index.aspx, accessed May 16, 2023).  On information and belief,

7

Zhejiang Huahai purposefully has conducted and continues to conduct business in this judicial district, and this judicial district is a likely destination of Zhejiang Huahai's generic products.

31. On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco, each directly or indirectly, currently sells significant quantities of generic drug products in the United States and in the State of Delaware. On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco, each derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within the State of Delaware.

32. On information and belief, the acts of Prinston complained of herein were done with the cooperation, participation, and assistance of Prinston Pharmaceutical, Zhejiang Huahai, and Solco.

33. This Court also has personal jurisdiction over Prinston Pharmaceutical, Zhejiang Huahai, and Solco because at least one provision of the Delaware long-arm statute, 10 Del. C. § 3104(c), is satisfied. On information and belief, Prinston satisfies at least § 3104(c)(1) ("[t]ransacts any business or performs any character of work or service in the State"), § 3104(c)(2) ("[c]ontracts to supply services or things in this State"), § 3104(c)(3) ("[c]auses tortious injury in the State by an act or omission in this State"), § 3104(c)(4) ("[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State"), and § 3104(c)(5) ("[h]as an interest in, uses or possesses real property in the State").

34. This Court also has personal jurisdiction over Prinston Pharmaceutical, Zhejiang Huahai, and Solco by virtue of the fact that, *inter alia*, each has committed—or aided, abetted,

induced, contributed to, or participated in the commission of—the tortious act of patent infringement that has led and/or will lead to foreseeable harm and injury to Plaintiff in this District.

35.    On information and belief, the effort to seek approval for ANDA No. 217296 and to manufacture, import, market, and/or sell Prinston's Generic Product upon approval has been a cooperative and joint enterprise and venture between Prinston Pharmaceutical, Zhejiang Huahai, and Solco.

36.    On information and belief, Zhejiang Huahai is the holder of FDA Drug Master File No. 36627 for elagolix sodium.

37.    On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco have an express and/or implied agreement to cooperate in the joint enterprise and venture of preparing, filing, and maintaining ANDA No. 217296 and in commercializing Prinston's Generic Product in the United States, including in this judicial district, in accordance with ANDA No. 217296 upon approval.  Through at least these activities, Prinston Pharmaceutical, Zhejiang Huahai, and Solco have purposely availed themselves of the rights and benefits of Delaware law such that they should reasonably anticipate being haled into court in this judicial district.

38.    On information and belief, Prinston Pharmaceutical, Zhejiang Huahai, and Solco have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 217296 with a Paragraph IV certification regarding the '239 patent.  On information and belief and as indicated by a letter dated April 20, 2023, sent by Prinston to Plaintiff pursuant to 21 U.S.C. § 355(j)(2)(B), Prinston prepared and filed its ANDA with the intention of seeking to market Prinston's Generic Product nationwide, including within this judicial district.

39.     On information and belief, and consistent with its practice with respect to other generic products, following FDA approval of ANDA No. 217296, Prinston will act in concert to market, distribute, and sell Prinston's Generic Product described in ANDA No. 217296 throughout the United States, including in Delaware and will derive substantial revenue from the use or consumption of Prinston's Generic Product in the state of Delaware.

40.     On information and belief, if ANDA No. 217296 is approved, Prinston's Generic Product will be marketed, distributed, offered for sale, and/or sold in Delaware; prescribed by healthcare providers practicing in Delaware; administered by healthcare providers located within Delaware; and/or used by patients in Delaware, all of which will have a substantial effect on Delaware.

41.     If ANDA No. 217296 is approved, Plaintiff will be harmed by the marketing, distribution, offer for sale, and/or sale of Prinston's Generic Product, including in Delaware.

42.     This Court also has personal jurisdiction over Prinston because, *inter alia*, it has availed itself of this forum previously for the purpose of litigating a patent dispute.  For example, Prinston Pharmaceutical has been sued multiple times in this District without challenging personal jurisdiction and it has affirmatively availed itself of the jurisdiction of this Court by filing counterclaims in this District.  *See*, *e.g.*, *Newron Pharms. S.p.A. v. Aurobindo Pharma Ltd.*, C.A. No. 21-843-RGA; *Otsuka Pharma. Co. v. Prinston Pharm. Inc.*, C.A. No. 20-1502-LPS; *Novartis Pharms. Corp. v. Apotex, Inc.*, C.A. No. 20-133-LPS; *Boehringer Ingelheim Pharms., Inc. v. Prinston Pharm. Inc.*, C.A. No. 19-1499-UNA; *H. Lundbeck A/S et al v. Prinston Pharm. Inc.*, C.A. No. 18-148-LPS.

43.     Alternatively, this Court has personal jurisdiction over Zhejiang Huahai pursuant to Fed. R. Civ. P. 4(k)(2), to the extent it is not subject to personal jurisdiction in the courts of any

state, because Zhejiang Huahai is a foreign entity organized under the laws of China, Plaintiff's claims arise under federal patent law, and the exercise of jurisdiction satisfies due process requirements, at least because, upon information and belief, Zhejiang Huahai has systematic and continuous contacts throughout the United States by manufacturing, importing, marketing, and/or distributing pharmaceutical products, including generic drug products, either by itself or through its parent corporation, subsidiaries and/or affiliates.

44.     For these reasons and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Prinston.

45.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Prinston Pharmaceutical is incorporated in the State of Delaware.

46.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Solco is incorporated in the State of Delaware.

47.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Zhejiang Huahai, is incorporated in China and may be sued in any judicial district in the United States in which it is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

### The NDA

48.     AbbVie is the holder of NDA No. 210450 for ORILISSA® (elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base)) Tablets.

49.     The FDA approved NDA No. 210450 on July 23, 2018, for management of moderate to severe pain associated with endometriosis.

11

50.    ORILISSA® Tablets are prescription drugs approved for the management of moderate to severe pain associated with endometriosis.  Elagolix sodium is the active ingredient in the ORILISSA® Tablets.

## The Asserted Patents

51.    The '239 patent, titled "Elagolix Sodium Composition and Processes" was duly and legally issued by the United States Patent and Trademark Office on January 3, 2023.  A true and correct copy of the '239 patent is attached as Exhibit A.

52.    AbbVie owns the rights to the '239 patent.  The '239 patent will expire on July 23, 2039.

53.    The '239 patent is listed in the FDA Orange Book in connection with NDA No. 210450 for ORILISSA® (elagolix sodium oral tablets (eq. 150 mg base and eq. 200 mg base)) Tablets.

## Prinston's ANDA No. 217296

54.    On information and belief, Prinston filed ANDA No. 217296 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of elagolix sodium oral tablets in eq. 150 mg base and eq. 200 mg base dosage forms, which are generic versions of Plaintiff's ORILISSA® (elagolix sodium) Tablets.

55.    ANDA No. 217296 contains Paragraph IV certifications, alleging that the claims of the '239 patent are invalid, unenforceable, and/or would not be infringed by Prinston's Generic Product.

56.    AbbVie received a letter sent by Prinston, dated April 20, 2023, purporting to be a "Notice of Paragraph IV Certification" for ANDA No. 217296 ("Prinston's Third Notice Letter")

12

pursuant to § 505(j)(2)(b)(iv) of the Federal Food, Drug, and Cosmetic Act and 21 C.F.R. § 314.95. Prinston's Third Notice Letter notified AbbVie that Prinston had filed ANDA No. 217296, seeking approval to market Prinston's Generic Product prior to the expiration of the '239 patent.

57.    Plaintiff commenced this action within 45 days of receiving Prinston's April 20, 2023 Notice Letter.

58.    On information and belief, following FDA approval of Prinston's ANDA No. 217296, Prinston will make, use, sell, or offer to sell Prinston's Generic Product throughout the United States, or import such generic products into the United States before the '239 patent expires.

## COUNT I
## INFRINGEMENT OF THE '239 PATENT BY PRINSTON

59.    Plaintiff incorporates by reference the prior paragraphs of this Complaint as if fully set forth herein.

60.    On information and belief, Prinston filed Prinston's ANDA in order to obtain approval to manufacture, use, import, offer to sell, and/or sell Prinston's Generic Product in the United States before the expiration of the '239 patent.

61.    On information and belief, Prinston filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification that the claims of the '239 patent are purportedly invalid, unenforceable, and/or not infringed.

62.    On information and belief, in Prinston's ANDA, Prinston has represented to the FDA that Prinston's Generic Product is pharmaceutically and therapeutically equivalent to Plaintiff's ORILISSA®.

63.    Under 35 U.S.C. § 271(e)(2)(A), the submission to the FDA of Prinston's ANDA seeking approval for the commercial manufacture, use, or sale of Prinston's Generic Product

before the expiration date of the '239 patent, constitutes infringement, either literally or under the doctrine of equivalents.

64. After FDA approval of Prinston's ANDA, Prinston will infringe one or more claims of the '239 patent, either literally or under the doctrine of equivalents under § 271(a) by making, using, offering to sell, selling, and/or importing Prinston's Generic Product, and by actively inducing infringement by others under § 271(b) and/or contributing to infringement under § 271(c), unless this Court orders that the effective date of any FDA approval of Prinston's ANDA shall be no earlier than the expiration of the '239 patent and any additional periods of exclusivity.

65. On information and belief, Prinston knows, or should know, and intends that healthcare providers will prescribe and patients will take Prinston's Generic Product for which approval is sought in Prinston's ANDA, and therefore will infringe at least one claim in the '239 patent.

66. On information and belief, Prinston had knowledge of the '239 patent and, by its promotional activities and proposed package insert for Prinston's Generic Product, knows or should know that it will induce direct infringement of at least one of the claims of the '239 patent, either literally or under the doctrine of equivalents.

67. On information and belief, Prinston is aware and/or has knowledge that it is advertising an infringing use and/or instructing how to engage in an infringing use because healthcare professionals and/or patients will use Prinston's Generic Product according to the instructions in the proposed package insert in a way that directly infringes the '239 patent.

68. The offering to sell, sale, making, and/or importation of Prinston's Generic Product would actively induce infringement of at least one of the claims of the '239 patent, either literally

14

or under the doctrine of equivalents.  Prinston has knowledge and is aware of the '239 patent, as evidenced by Prinston's April 20, 2023 Notice Letter.

69.     On information and belief, if Prinston's ANDA is approved, Prinston intends to and will offer to sell, sell, and/or import in the United States Prinston's Generic Product.

70.     Prinston has had and continues to have knowledge that Prinston's Generic Product is especially adapted for a use that infringes the '239 patent.

71.     On information and belief, Prinston has had and continues to have knowledge that there is no substantial non-infringing use for Prinston's Generic Product.

72.     On information and belief, Prinston's actions relating to Prinston's ANDA complained of herein were done by and for the benefit of Prinston.

73.     Plaintiff will be irreparably harmed if Prinston is not enjoined from infringing or actively inducing infringement of at least one claim of the '239 patent.  Pursuant to 35 U.S.C. § 283, Plaintiff is entitled to a permanent injunction against further infringement.  Plaintiff does not have an adequate remedy at law.

## **<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     The entry of judgment under 35 U.S.C. § 271(e)(2)(A) that Prinston has infringed at least one claim of the '239 patent through Prinston's submission of ANDA No. 217296 to the FDA to obtain approval to manufacture, use, import, offer to sell, and/or sell Prinston's Generic Product in the United States before the expiration of the '239 patent;

B.     The entry of judgment that Prinston's making, using, offering to sell, selling, or importing Prinston's Generic Product prior to the expiration of the '239 patent will infringe,

actively induce infringement, and/or contribute to the infringement of the '239 patent under 35 U.S.C. § 271(a), (b), and/or (c);

C.      A declaration under 28 U.S.C. § 2201 that if Prinston, its officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in concert with it or on its behalf, engage in the commercial manufacture, use, offer for sale, sale or importation of Prinston's Generic Product, it will constitute an act of infringement pursuant to 35 U.S.C. § 271(a), (b), and/or (c);

D.      The issuance of an order that the effective date of any FDA approval of Prinston's Generic Product shall be no earlier than the expiration date of the '239 patent and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

E.      The entry of a permanent injunction, enjoining Prinston and all persons acting in concert with Prinston from commercially manufacturing, using, offering for sale, or selling Prinston's Generic Product within the United States, or importing Prinston's Generic Product into the United States, until the expiration of the '239 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

F.      The entry of a permanent injunction, enjoining Prinston and all persons acting in concert with Prinston from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the '239 patent, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

G.      The issuance of a declaration that this is an exceptional case and an award to Plaintiff of its costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4);

H.      An award to Plaintiff of any further appropriate relief under 35 U.S.C. § 271(e)(4); and

16

I.      An award to Plaintiff of any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Jennifer H. Roscetti
Danielle A. Duszczyszyn
William B. Raich
Constance P. Lee
Ryan V. McDonnell
Reinaldo Franqui Machin
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4431
(202) 408-4000

June 2, 2023

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiff AbbVie Inc.*